UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY TINDAL,

    Plaintiff,

v.                                               Case No: 8:19-cv-2907-T-60JSS

DEFENSE TAX GROUP INC., RELIANCE
MEDICAL FINANCE, LLC and
CHRISTOPHER MARTIN SOLTON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default Final Judgment ("Motion") (Dkt. 24). For the reasons that follow, the Court recommends that the Motion be denied without prejudice and with leave to amend within thirty (30) days.

## BACKGROUND

This is an action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Florida Statutes sections 559.55, *et seq.* ("FCCPA") (Dkt. 1.) Plaintiff alleges that he is a "consumer," as defined in 15 U.S.C. § 1692a(3) and section 559.55(8), Florida Statutes, and that Defendants, Defense Tax Group, Inc. ("DTG"), Reliance Medical Finance, LLC ("RMF"), and Christopher Martin Solton ("Solton"), are "debt collectors," as defined under 15 U.S.C. 1692a(6). (*Id.* at ¶¶ 9-11.)

Plaintiff states that "at some point in the past," he allegedly cosigned for a personal loan that went into default. (Dkt. 1 ¶ 12.) Plaintiff alleges that RMF services the loan and began trying to collect on it. (Dkt. 1 ¶ 13.) Plaintiff agreed to make bi-weekly payments of $50 to repay the debt and furnished RMF with his bank information to enable it to withdraw payments. (*Id.* ¶ 14.)

Plaintiff alleges that these payments were made to a bank account held by DTG. (*Id.*) Plaintiff further alleges that this repayment arrangement was unsuccessful because RMF, through DTG's bank account, began withdrawing the payments on the wrong days. (*Id.* ¶ 15.) Plaintiff informed RMF that he no longer consented to the arrangement and demanded that RMF stop the collection activity. (*Id.* ¶ 16.) Plaintiff alleges Defendants responded with an e-mail containing expletives and threatening to sue Plaintiff. (*Id.* ¶ 17.) Plaintiff further alleges RFC brought a fraudulent lawsuit against Plaintiff in small claims court in California. (*Id.* ¶¶ 19-25.) Plaintiff alleges Defendants never advised him that their communications were made for the purpose of collecting a debt and that Defendants' communications inaccurately stated the amount due. (*Id.* ¶ 34.)

After filing this action in December 2019, Plaintiff attempted to serve Defendants in December 2019 and January 2020. (Dkts. 6, 7, 8.) On January 10, 2020, Solton, through out-of-state counsel, filed an answer on behalf of himself, RMF, and DTG. (Dkt. 4.) On January 13, 2020, Plaintiff moved to strike Defendants' Answer. (Dkt. 5.) Defendants failed to timely respond to the Motion to Strike within 14 days, as provided under Local Rule 3.01(b), and the Court granted the unopposed Motion to Strike. (Dkt. 10.)

On March 2, 2020, Plaintiff filed an Application for Admission *Pro Hac Vice* and an amended answer. (Dkt. 11, 12.) Plaintiff moved to strike Defendants' Amended Answer. (Dkt. 14.) On March 30, 2020, the Court dismissed Defendants' Motion to Appear *Pro Hac Vice* without prejudice because Defendants' motion did not state whether Defendants would designate local counsel within 14 days, as provided under Local Rule 2.02(a). (Dkt. 15). Defendants failed to timely respond to the Motion to Strike as permitted by Local Rule 3.01(b), and the Motion to Strike was granted on April 14, 2020. (Dkt. 17.) Since that time, Defendants have failed to file an amended answer or obtain admission to appear *pro hac vice*. On June 6, 2020, Plaintiff filed a

Motion for Default as to each defendant. (Dkt. 18.) On June 8, 2020, the Clerk entered a clerk's default against each defendant. (Dkt. 20, 21, 22.)

Plaintiff now moves for default judgment against Defendants and requests $1,000 in statutory damages for each defendant's violations of the FDCPA and punitive damages in the maximum as this court deems appropriate. (Dkt. 24.) Plaintiff also seeks an award of $11,100 in attorney's fees and $624 in costs as the prevailing party in this case. (Dkt. 24.) To date, Defendants have not appeared in this case through properly admitted counsel, and no response or defense to this action has been filed since Defendants' Amended Answer was struck on April 14, 2020.

## APPLICABLE STANDARDS

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a); *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must serve an answer within twenty-one days after being served with the summons and complaint). Because of the "strong policy of determining cases on their merits," however, default judgments are generally disfavored. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quotation marks omitted). Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "As a general rule, [a] court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical

calculation, or an amount demonstrated by detailed affidavits." *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1129 (M.D. Ala. 2004).

## ANALYSIS

Under Rule 55(a) of the Federal Rules of Civil Procedure, the entry of a default is appropriate when the party against whom judgment is sought has failed to plead or otherwise defend. However, when service of process is insufficient, the court has no power to render a default judgment or enter default because service of process is a jurisdictional requirement and the court lacks personal jurisdiction over a defendant who has not been served. *Thomas v. Bank of Am., N.A.*, 557 Fed. App'x 873, 875 (11th Cir. 2014); *In re Physicians Reliance Ass'n, Inc.*, 415 Fed. App'x. 140, 142 (11th Cir. 2011); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inv.*, 553 F.3d 1351, 1360 (11th Cir. 2008).

Under Federal Rule of Civil Procedure 4(e)(1), an individual can be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Alternatively, an individual can be served by

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

Under Federal Rule of Civil Procedure 4(h), in any judicial district of the United States, a corporation, partnership, or other unincorporated association must be served

>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)-(2); *see Howard v. Otis Elevator*, 6:09-cv-948-Orl-19KRS, 2010 WL 916660, at *2-3 (M.D. Fla. Mar. 11, 2010).

In Florida, "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031; *see Hollander v. Wolf*, 09-80587-CIV, 2009 WL 3336012, at *2 (S.D. Fla. Oct. 14, 2009). Service on a corporation must be accomplished according to the Florida statutes governing service upon corporations. *See Howard*, 2010 WL 916660, at *2. Section 48.081 of the Florida statutes authorizes service upon the corporation's officers or agents. Fla. Stat. § 48.081; *see Howard*, 2010 WL 916660, at *2. Service on a receptionist does not satisfy the requirements of section 48.081. *Id.* at *3. Service on any employee at the corporation's principal place of business is only allowed if the company fails to maintain a registered agent or registered office as required by statutes. *See* Fla. Stat. §§ 48.081(3)(a); 48.091.

Here, Plaintiff's proof of service as to DTG states that the process server substitute served DTG on December 23, 2019, by leaving the Summons and the Complaint with Karen "Doe" as a "person in charge" at an unspecified address. (Dkt. 7.) Plaintiff's proof of service as to RMF states that the process server substitute served RMF on December 23, 2019, by leaving the

Summons and the Complaint with Karen "Doe." (Dkt. 8.) The proofs of service do not state that service was attempted on an appropriate officer of DTG or RMF or that substitute service was appropriate under Florida law where these entities failed to maintain a registered agent or registered office. As to Solton, Plaintiff's proof of service does not state that service was attempted at Solton's usual place of abode. Thus, the Court finds that Defendants were not properly served under Florida law.

The Court further considers whether service, which was attempted in California, was proper under California law. Section 415.20(b) of the California Code of Civil Procedure governs substitute service of process on natural persons who are not minors, wards, conservatees, or political candidates. Cal. Civ. Proc. Code § 415.20(b) (West 2004). Personal service must be diligently attempted in the first instance. *Id.*; *see also Ellard v. Conway*, 114 Cal. Rptr. 2d 399, 401-03 (Cal. Dist. App. 4th 2001); 50A Cal. Jur. 3d Process, Notices, and Subpoenas § 28 (citing Judicial Council Comment to Code Civ. Proc., § 415.20 subd. (b)). After two or three unsuccessful attempts at personal service at a proper place, substitute service may be used. *Bein v. Brechtel-Jochim Gr., Inc.*, 8 Cal. Rptr. 2d 351, 353 (Cal. Dist. App. 4th 1992).

Substitute service on an individual may be achieved by leaving a copy of the summons and the complaint at the defendant's usual place of business in the presence of a person who is apparently in charge. Cal. Civ. Proc. Code § 415.20(b) (West 2004). "The term 'usual place of business' includes a defendant's customary place of employment as well as his own business enterprise." Judicial Council Comment to Code Civ. Proc., § 415.20 subd. (b). In addition to service at the defendant's usual place of business, the summons and the complaint must thereafter be mailed to complete substitute service. *Id.*

Section 415.20(a) of the California Code of Civil Procedure governs substitute service of process on corporate and non-corporate entities. Judicial Council Comment to Code Civ. Proc., § 415.20 subd. (a). Substitute, rather than personal service, may be used in the first instance. *Id.* Such service may be accomplished on the defendant's officer or employee, as designated in the appropriate statute, by leaving a copy of the summons and complaint during usual office hours in his or her office with the person who is apparently in charge. *Id.*; *Bein*, 8 Cal. Rptr. 2d at 353. The papers may be left with a personal secretary of the individual to be served. Judicial Council Comment to Code Civ. Proc., § 415.20 subd. (a). Also, a residential security guard qualifies as a person apparently in charge of a corporate office under section 415.20(a). *Bein*, 8 Cal. Rptr. 2d at 354. In addition to service at the office, the summons and the complaint must thereafter be mailed to complete substitute service. Cal. Civ. Proc. Code § 415.20(a).

In this case, the Clerk of Court issued seven summonses furnished by Plaintiff, and the summonses identify multiple possible addresses for each defendant. (Dkt. 2 at 1-7.) Plaintiff's proof of service as to Solton states that the process served Solton on January 3, 2020, at an unspecified address by leaving the Summons and Complain with a Karen "Doe." (Dkt. 6.) The proof of service refers to two prior unsuccessful attempts to serve Solton. (*Id.*) Plaintiff's proof of service as to DTG states that the process server substitute served DTG on December 23, 2019, by leaving the Summons and Complaint at an unspecified address in the presence of a Karen "Doe" as the "person in charge." (Dkt. 7.) The proof of service as to DTG further states that the process server then mailed the Summons and Complaint to Cristopher Martin Solton as DTG's registered agent. (*Id.*) Plaintiff's proof of service as to RMF states that the process server substitute served RMF on December 23, 2019, by leaving the Summons and Complaint in the presence of a Karen

"Doe." (Dkt. 8.) The proof of service as to RMF further states that the process server then mailed the Summons and Complaint to Christopher Martin Solton as RMF's managing member. (*Id.*)

The Court finds Plaintiff's proofs of service insufficient under California law. The record refers to multiple addresses for Solton, RMF, and DTG, including separate office addresses within a single office building located at 12121 Wilshire Boulevard in Los Angeles, California. (Dkt. 1 ¶ 28; Dkt. 2 at 1-7.) None of the proofs of service identify the address, the type of location, or the basis for service at that location. Specifically, the proof of service as to Solton does not state that service was attempted at his usual place of business or that Karen "Doe" was the person apparently in charge. Similarly, the proofs of service as to RMF and DTG do not indicate that service was attempted at the address of an officer or employee designated by these companies to accept service. Thus, Plaintiff's proofs of service fail to demonstrate that Defendants were properly served under California law.

For the same reasons, Plaintiff's proofs of service fail to establish proper service under Federal Rule of Civil Procedure 4. Federal Rule of Civil Procedure (h) allows service on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. (h)(1)(B). Rule 4(e) allows for service on an individual (1) pursuant to state law of the jurisdiction where the district court is located or where service is made; or (2) by delivering (a) a copy of the summons and the complaint to the individual personally, or (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e); *see also Ojelade v. Coleman*, 258 Fed. Appx. 257, 258 (11th Cir. 2007).

As previously noted, Plaintiff's proofs of service state only that the Summons and Complaint were left at an unspecified address in the presence of a Karen "Doe." These statements, without further explanation, do not demonstrate that service was properly effected on each defendant. Thus, Plaintiff has not shown that service was properly made on any defendant and default judgment is not warranted. *See Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 481 (11th Cir. 2015) (affirming denial of default judgment where plaintiff failed to allege proper service of process); *Abele v. City of Brooksville, Fla.*, 273 F. App'x 809, 811 (11th Cir. 2008) (per curiam) (unpublished) (affirming district court's denial of motion for default judgment based on plaintiff's failure to submit adequate service of process where plaintiff failed to prove substantial compliance with state law for service of process).

Accordingly, it is **RECOMMENDED:**

1. Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 24) be **DENIED without prejudice**; and

2. Plaintiff be granted thirty (30) days in which to file an amended motion for default judgment demonstrating service of process on each defendant.

**IT IS SO REPORTED** in Tampa, Florida, on September 11, 2020.

						_____
						JULIE S. SNEED
						UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record