UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| TERRY TINDAL, | } | Case No. 8:19-cv-02907-JSM-JSS |
| PLAINTIFF | } | |
| | } | |
| v. | } | |
| | } | |
| DEFENSE TAX GROUP INC.; | } | |
| RELIANCE MEDICAL FINANCE, LLC;   and | } | |
| CHRISTOPHER MARTIN SOLTON | } | |

_____/

## OBJECTIONS TO REPORT AND RECOMMENDATIONS [DE 26]

Plaintiff hereby objects to the Report and Recommendations [DE 26] and in support thereof submits the following:

1. The Report and Recommendation to deny without prejudice Plaintiff's motion for default judgment is rooted almost entirely in the notion that Plaintiff did not properly serve Defendants and thus the court cannot enter a default judgment against them on jurisdictional grounds.  However, this case is not like most cases where a party fails to respond to a lawsuit and a default is entered against them.  In this case, Defendants did, in fact, respond to the lawsuit – twice.  It was simply the case that their two attempts at responding were both insufficient and the court ordered them struck.  Then they failed to respond a third time.  But when a party responds to a lawsuit, even once, they can no longer raise a defense of insufficiency of service of process, pursuant to the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 12(b)(5) states the following, in pertinent part:

"Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

[...] insufficient service of process [...]

A motion asserting [this defense] must be made before pleading if a responsive pleading is allowed."

Federal Rules of Civil Procedure 12(h)(1) states the following, in pertinent part:

"A party waives [the defense of insufficient service of process] by:
(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
(B) failing to either:
    (i) make it by motion under this rule; or
    (ii) include it in a responsive pleading or in an amendment allowed by
    Rule 15(a)(1) as a matter of course."

If Defendants wanted to challenge the sufficiency of the service of process in this case, they could have done so either by making a motion or by including it as a defense in their first responsive pleading (their answer) or to an amendment to their answer filed within 21 days of the initial filing of that answer. They did none of these things. And the fact that they did none of these things means they have waived that defense, and it was waived as soon as their first answer was filed and they did not file an amended answer within 21 days pursuant to Fed. R. Civ. P. 15(a)(1). It doesn't matter that their first answer was struck.

As a result of this, the cases cited in the Report and Recommendation are distinguished from the instant case. There is no issue surrounding insufficient service of process rendering the court unable to effect personal jurisdiction over Defendants, because Defendants, by appearing and filing their first answer (along with several other filings), voluntarily availed themselves of this court and accepted this court's personal jurisdiction over them. Defendants were, apparently, not concerned with the sufficiency of the service of process, because they never once said a word about it.

2. Notwithstanding the above, Plaintiff acquired amended "summons returned executed" affidavits from the process server who served Defendants and these affidavits now explicitly mention the specific affirmations required by California law as cited by the magistrate judge in her Report and Recommendation.  These new affidavits are attached as exhibits to this objection.  Plaintiff objects to the recommendation to deny without prejudice the motion for default judgment with leave to refile, and instead suggests the court rule directly on the motion's merits, provided that the court either accepts the arguments made in paragraph 1, above, or the court does not accept those arguments but does find that the new affidavits show sufficient service of process.


3. Since filing the motion for default judgment, Plaintiff worked an additional 3.0 hours on this case. As a result, Plaintiff seeks an additional $900 in attorney's fees on top of the amount requested in the pending motion for default judgment, for a total of 37.5 hours (+2.5 hours anticipated) at $300 an hour equaling $12,000, in addition to all other relief requested in the pending motion for default judgment, such as statutory damages, punitive damages if any, and costs.  An updated timesheet is attached as an exhibit.


     Respectfully submitted this 24th day of September, 2020,

         By Plaintiff's attorney: /s/ Nicholas Michael Murado_____
                  Nicholas Michael Murado
                  Florida Bar # 102769
                  Murado Law, P.A.
                  2010 S.W. 99th Avenue
                  Miramar, Florida, 33025
                  Telephone: 754-816-2196
                  E-mail: muradolaw@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing was submitted via CM/ECF and sent to all interested and appeared parties.

Additionally, the foregoing was sent via e-mail and U.S. Mail to Defendants' attorney, who is not admitted to practice in this district, at the address contained in his motion for admission pro hac vice [DE 11], and which is listed below:

Attorney Michael J. Fiscus
Law Office of Michael J. Fiscus
291 Del Amo Fashion Square, Suite 14616
Torrance, California, 90503
mfiscus896@gmail.com

       Respectfully submitted this 24th day of September, 2020,

          By Plaintiff's attorney: <u>/s/ Nicholas Michael Murado</u>
                    Nicholas Michael Murado
                    Florida Bar # 102769
                    Murado Law, P.A.
                    2010 S.W. 99th Avenue
                    Miramar, Florida, 33025
                    Telephone: 754-816-2196
                    E-mail: muradolaw@gmail.com