UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY TINDAL,

    Plaintiff,

v.                                                            Case No: 8:19-cv-2907-T-60JSS

DEFENSE TAX GROUP INC.,
RELIANCE MEDICAL FINANCE,
LLC and CHRISTOPHER MARTIN
SOLTON,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Defendant Christopher Martin Solton's Amended Motion to Set Aside Default and for Leave to File Motion to Dismiss/Answer to Complaint ("Motion") (Dkt. 37) and Plaintiff's Response in Opposition (Dkt. 39). For the reasons that follow, the Motion is granted.

## BACKGROUND

This is an action for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Florida Statutes §§ 559.55, *et seq.* ("FCCPA"). (Dkt. 1.) On December 23, 2019, Plaintiff served Defendants Defense Tax Group Inc. ("DTG") and Reliance Medical Finance, LLC ("RMF"), and on January 3, 2020, Plaintiff served Defendant Christopher Martin Solton. (Dkts. 6, 7, 8.) Plaintiff furnished proof of service to the

Court on January 23, 2020. (*Id.*) On January 10, 2020, Defendant Solton, through out-of-state counsel Michael J. Fiscus, filed an answer on behalf of himself, RMF, and DTG. (Dkt. 4.) On January 13, 2020, Plaintiff moved to strike Defendants' Answer. (Dkt. 5.) Defendants failed to timely respond to the Motion to Strike within 14 days, as provided under former Local Rule 3.01(b), and the Court granted the unopposed Motion to Strike.[1] (Dkt. 10.)

On March 3, 2020, Defendants' counsel, Mr. Fiscus, filed an Application for Admission of Attorney Pro Hac Vice and an amended answer. (Dkts. 11, 12.) Plaintiff moved to strike Defendants' Amended Answer. (Dkt. 14.) On March 30, 2020, the Court dismissed Defendants' Motion to Appear Pro Hac Vice without prejudice because Defendants' motion did not contemplate designating local counsel within 14 days, as provided under former Local Rule 2.02(a). (Dkt. 15.) Defendants failed to timely respond to the Motion to Strike as permitted by former Local Rule 3.01(b), and the Motion to Strike was granted on April 14, 2020. (Dkt. 17.) Since that time, Defendants failed to file an amended answer and Mr. Fiscus never obtained admission to appear *pro hac vice*. On June 6, 2020, Plaintiff filed a Motion for Default as to each defendant. (Dkt. 18.) On June 8, 2020, the Clerk entered a clerk's default against each defendant. (Dkts. 20, 21, 22.)

On June 22, 2020, Plaintiff moved for default judgment. (Dkt. 24.) On November 4, 2020, the Court denied Plaintiff's initial Motion for Default Judgment

---

[1] The Middle District of Florida's Local Rules were revised and took effect on February 2, 2021.

without prejudice based on the failure to show service of process on each defendant. (Dkt. 29.) That same day, Mr. Fiscus was ordered to show cause, in writing, why his appearance should not be stricken for failure to comply with Local Rule 2.01(a). (Dkt. 28.). Mr. Fiscus, however, failed to respond to the show cause order, and on December 29, 2020, the Court entered an order terminating him as counsel of record. (Dkt. 31.)

Before Mr. Fiscus was removed as counsel of record, and on November 17, 2020, Plaintiff filed his Amended Motion for Default Judgment, to which Defendants did not respond. (Dkt. 30.) On April 29, 2021, the Court entered its Report and Recommendation on Plaintiff's Amended Motion for Default Judgment, to which Plaintiff has filed an objection. (Dkts. 33, 34). The Report and Recommendation remains pending. (Dkt. 33.)

On May 20, 2021, Defendant Solton, through new counsel, filed his Motion to Set Aside Clerk Default. (Dkt. 35.) Defendant Solton filed his Amended Motion to Set Aside Clerk Default, which is currently before the Court, and seeks to set aside the Clerk's entry of default and leave to file a motion to dismiss or answer to the Complaint.[2] (Dkt. 37 at 1.)

## APPLICABLE STANDARDS

After a complaint is filed, the plaintiff must serve the defendant with the summons and a copy of the complaint within ninety days. Fed. R. Civ. P. 4(c)(1), (m).

---

[2] Despite seeking leave to file a motion to dismiss, Defendant Solton has filed his Amended Motion to Dismiss Complaint (Dkt. 38), to which Plaintiff has responded (Dkt. 39).

If a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). A defendant must serve an answer within twenty-one days after being served with the summons and complaint, and every defense to the claims raised in the complaint must be asserted in the answer. Fed. R. Civ. P. 12(a)(1)(A)(i), (b). Alternatively, before filing an answer, a defendant may present certain defenses to the complaint by motion, including lack of personal jurisdiction and insufficient service of process. Fed. R. Civ. P. 12(b).

When a party against whom relief is sought fails to plead or otherwise defend the claim, the clerk of the court must enter the party's default. Fed. R. Civ. P. 55(a). After a party's default has been entered, but before the entry of default judgment, the district court may exercise its discretion to set aside the default for "good cause." Fed. R. Civ. P. 55(c); *see Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (stating that Rule 55(c) applies when a judgment has not been entered and provides the court discretion to set aside the entry of default, while the more stringent provisions of Rule 60(b) only apply when a judgment has been entered).

## ANALYSIS

In moving to set aside the clerk's default, Defendant Solton argues that good cause exists because his delay in responding was not the result of willfulness or bad faith. (Dkt. 37 at 1.) He further argues that vacating the entry of the clerk's default

will not result in any prejudice to Plaintiff and he has meritorious defenses to the action. (*Id.* at 1, 6–7.)

As noted, Federal Rule of Civil Procedure Rule 55(c) provides that the court may set aside an entry of default for good cause shown. Indeed, because default judgment has not been entered, the less rigorous "good cause" standard applies. *See E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) (citation omitted) (noting the distinction that the "standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default."). In determining whether good cause has been shown, courts consider the following factors: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether there was significant financial loss to the defaulting party; and (5) whether the defaulting party acted promptly to correct the default. *Compania Interamericana Export–Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996). However, courts view defaults "with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *Worldwide Web Sys., Inc. v. Worldstar Comm. Corp.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

While acknowledging that he had knowledge of this suit, Defendant Solton asserts that because "all court notices were being received by the Law Office of Michael J. Fiscus . . . , Defendant Christopher M. Solton did not receive the court

documents that were issued to or otherwise directed to Mr. Fiscus on behalf of all Defendants." (Dkt. 37 at 3.) He further contends that once Mr. Fiscus was removed as counsel of record, he began receiving various filings on the docket. (*Id.*) In response to receiving these filings, he asserts that he attempted to contact Mr. Fiscus to ascertain "how the Defendant corporations were going to proceed," but that he could not directly reach him. (*Id.* at 3–4.) He further contends that "[a]fter reaching out to [DTG], [he] was informed that Mr. Fiscus had been away from the office for some time, that they were informed that Mr. Fiscus contracted COVID-19, and that there was a presumption that he may have passed away." (*Id.* at 4.) Based on this information and belief, Defendant Solton argues that the default should be set aside since his failure to file a timely motion to dismiss or answer was "a result of reliance on the corporate in-house counsel, [Michael] J. Fiscus's inability to secure a pro hac vice appearance in the time allotted by the Court and his reliance on the corporate Defendants to locate substitute counsel or request an extension of time to locate new counsel, since the defendant corporations were using an in-house counsel to act on behalf of all Defendants." (*Id.* at 6.) Plaintiff disputes the accuracy of Defendant Solton's contentions. (Dkt. 39).

Defendant Solton's conduct does not appear to be willful or culpable. The court's docket in this case reflects that after becoming aware of the lawsuit, Defendant Solton retained counsel, Mr. Fiscus, who attempted to respond to Plaintiff's Complaint. (Dkts. 11–12.) Moreover, after learning about Plaintiff's Amended

Motion for Default Judgment (Dkt. 30) and the Court's Report and Recommendation recommending that default judgment be granted against the three Defendants (Dkt. 33), Defendant Solton reached out to Mr. Fiscus, whom he believed was handling the proceedings on his behalf, but was unable to do so due to Mr. Fiscus's purported illness. Notwithstanding, Defendant Solton retained new counsel who filed the instant Motion within one month of this Court's Report and Recommendation recommending the granting of default judgment. Accordingly, Defendant Solton's promptness in addressing the error and requesting to set aside the clerk's default also weighs against a finding of willfulness. *See Skowronski v. Nationwide Recovery Sys., Ltd.*, No. 1:19-cv-148, at *2 (N.D.Ga. May 20, 2019) (finding no willfulness where error in not timely answering complaint was due to error by outside counsel); *Am. Econ. Ins. Co. v. Murphy*, No. 5:07-cv-191, 2007 WL 3285808, at *2 (M.D.Ga. Nov. 6, 2007 (holding that an attorney's error in failing to respond to the complaint did not evidence willfulness on part of the defendant, especially where the defendant retained new counsel, who promptly filed a motion to set aside default).

Further, there is no indication that Plaintiff will be prejudiced by setting aside the entry of default. *See Lake James Assocs., Inc. v. Summit Techs., L.L.C.*, No. 8:06-cv-692T-17TBM, 2006 WL 2789144, at *2 (M.D. Fla. Sept. 26, 2006) (explaining that establishing prejudice is showing more than "[m]ere delay," but "that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."). Finally, Defendant Solton has made an

"affirmative showing" of at least two arguably meritorious defenses, lack of personal jurisdiction and improper venue, and has filed a motion to dismiss to that end. (Dkt. 38.) Plaintiff contests the merit of each defense asserted by Defendant Solton, but it is sufficient for Defendant to show a "hint of a suggestion that he [has] a meritorious defense." *See Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969).[3] Plaintiff's arguments, therefore, are better left to be addressed on Defendant Solton's motion to dismiss, or at a later stage, if necessary.

In reviewing the relevant factors, the Court finds good cause to set aside the clerk's default. *See USA Flea Mkt., LLC v. EVMC Real Estate Consultants, Inc.*, 248 F. App'x 108, 111 (11th Cir. 2007) (finding that good cause existed to vacate a default when the party's failure to respond in a timely manner to the complaint was not willful, the party acted promptly to vacate the default once counsel was obtained, a meritorious defense was asserted, and the opposing party would suffer no prejudice if the default was vacated). As such, and because of the strong preference that cases be heard on the merits and that litigants be afforded their day in court, *Perez*, 774 F.3d at 1342 (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)), the Court will set aside the clerk's default as to Defendant Solton.

Accordingly, it is **ORDERED:**

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding all decisions of the former Fifth Circuit handed down before October 1, 1981.

1. Defendant Solton's Amended Motion to Set Aside Default (Dkt. 37) is **GRANTED**;

2. The Clerk's Entry of Default (Dkt. 22) is **SET ASIDE**; and

3. Defendant Christopher M. Solton's Amended Motion to Dismiss (Dkt. 38) shall be deemed timely filed.

**DONE** and **ORDERED** in Tampa, Florida, on September 10, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties