UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY TINDAL,

    Plaintiff,

v.                                                  Case No. 8:19-cv-2907-TPB-JSS

DEFENSE TAX GROUP, INC.;
RELIANCE MEDICAL FINANCE, LLC;
and CHRISTOPHER MARTIN SOLTON

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

This matter is before the Court on consideration of the report and recommendation of Julie S. Sneed, United States Magistrate Judge, entered on April 29, 2021. (Doc. 33). Judge Sneed recommends that Plaintiff Terry Tindal's "Amended Motion for Default Judgment" (Doc. 30) be granted, and that judgment be entered against Defendants Defense Tax Group, Inc., Reliance Medical Finance, LLC, and Christopher Solton, jointly and severally, in the total amount of $14,024. Judge Sneed declined to award any further amounts as punitive damages on Plaintiff's Florida Consumer Collection Practices Act claim, reasoning that the award of statutory damages was sufficient to punish and deter Defendants. On May 11, 2021, Plaintiff filed a partial objection to the report and recommendation to the extent that it did not include an award of punitive damages. (Doc. 34). On May 28, 2021, while the report and recommendation was pending, Defendant Solton filed an amended motion to set aside the Clerk's default as to him and allow him to present his motion to dismiss. (Doc. 37). Judge Sneed granted that motion on September 10, 2021. (Doc. 42). The

two corporate Defendants did not file motions to set aside the defaults entered against them and filed no objection to the report and recommendation. The time for filing objections has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd*, 28 F.3d 116 (11th Cir. 1994) (table).

Upon due consideration of the record, including Judge Sneed's report and recommendation, the Court adopts the report and recommendation in part. As to the two corporate Defendants, the Court agrees with Judge Sneed's detailed and well-reasoned factual findings and legal conclusions, including her conclusion on the issue of punitive damages. Because the default as to Defendant Solton has been set aside, however, the Court declines to adopt the report and recommendation that a default judgment be entered as to him.

Consequently, Plaintiff's "Amended Motion for Default Judgment" (Doc. 30) is granted as to Defendants Defense Tax Group, Inc., and Reliance Medical Finance, LLC,

and denied as to Defendant Solton. Pursuant to Fed. R. Civ. P. 54(b), the Court has determined there is no just reason to delay entry of judgment as to Defendants Defense Tax Group, Inc., and Reliance Medical Finance, LLC.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Judge Sneed's report and recommendation (Doc. 33) is **ADOPTED IN PART**.

(2) To the extent the report and recommendation recommends entry of default judgment against Defendants Defense Tax Group, Inc., and Reliance Medical Finance, LLC, the report and recommendation is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review. The Court declines to adopt the report and recommendation and enter default judgment against Defendant Solton, because the default against him has been set aside.

(3) Plaintiff's "Amended Motion for Default Judgment" (Doc. 30) is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

(4) The Clerk is directed to enter judgment against Defense Tax Group, Inc., and Reliance Medical Finance, LLC, jointly and severally, in the amount of $14,024.

(5) The motion for default judgment is **DENIED** as to Defendant Christopher Solton.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of

September, 2021.

                                      **TOM BARBER**
                                      **UNITED STATES DISTRICT JUDGE**