**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TERRY TINDAL,

    Plaintiff,

v.                                             Case No. 8:19-cv-2907-TPB-JSS

DEFENSE TAX GROUP, INC.;
RELIANCE MEDICAL FINANCE, LLC;
and CHRISTOPHER MARTIN SOLTON

    Defendants.
_____/

**ORDER DENYING CHRISTOPHER M. SOLTON'S**
**AMENDED MOTION TO DISMISS**

This matter is before the Court on "Defendant Christopher M. Solton's Amended Motion to Dismiss and Incorporated Memorandum of Law," filed on May 28, 2021. (Doc. 38). Plaintiff filed a response in opposition on May 31, 2021. (Doc. 39). Upon reviewing the motion, response, court file, and record, the Court finds as follows:

**Background**

Plaintiff Terry Tindal is a resident of Polk County, Florida. Defendants Defense Tax Group, Inc., Reliance Medical Finance, LLC, and Christopher Solton are debt collectors based in California. Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") by sending him fraudulent and offensive emails as part of their attempts to collect a debt. He alleges that Defendants "conduct business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this

District while attempting to collect upon consumer debts," that "all tortious conduct occurred in the City of Winter Haven," and that Defendant Solton was the individual involved in a majority of Defendants' communications with Plaintiff.  Plaintiff alleges that Defendants are alter egos of each other.  He alleges that the separate existence of the two corporate defendants is a sham, that they are mere extensions of Solton's personal business interests, and that they have acted for his direct benefit.[1]  Solton has moved to dismiss the complaint against him based on lack of personal jurisdiction and improper venue.

## **Legal Standard**

A plaintiff must allege in the complaint facts that establish a *prima facie* case for personal jurisdiction over the defendant.  *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010); *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  Pleading a *prima facie* case requires the plaintiff to allege sufficient facts "to support a reasonable inference that the defendant can be subjected to jurisdiction within the state."  *Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir. 1982).  Where, as here, the defendant has submitted no affidavits or other evidence in support of the motion to dismiss, the facts alleged in the complaint must be accepted as true and all reasonable inferences drawn in favor of the plaintiff.  *Consol. Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1291 (11th Cir. 2000); *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

---

[1] A default judgment has been entered against Defense Tax Group and Reliance Medical Finance.

When a defendant moves to dismiss for improper venue based on the allegations of the complaint, the plaintiff bears the burden of making a *prima facie* showing that the venue selected is proper. *See Burri Law, P. A. v. Byzantine Catholic Eparchy of Phoenix*, 8:18-cv-2879-T-36JSS, 2019 WL 8918571, at *3 (M.D. Fla. Sept. 16, 2019). The Court accepts the facts in the plaintiff's complaint as true unless contradicted by evidence submitted by the defendant and all reasonable inferences are drawn in favor of the plaintiff. *Id.*

## Analysis

### *Personal Jurisdiction*

Solton argues that the complaint fails to allege sufficient facts to support the assertion of personal jurisdiction over him. To determine whether the Court has personal jurisdiction over a nonresident defendant, the Court must engage in a two-part inquiry. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). First, the Court must determine under state law whether the forum state's long-arm statute provides a basis for personal jurisdiction. *Id.* If it does, then the Court must determine whether the exercise of jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment. *Id.* Due process requires that a defendant have sufficient "minimum contacts" with the forum state. *Id.* at 626, 631. The contacts must be related to the asserted cause of action, must involve the defendant's purposefully availing himself of the privilege of conducting activities in the state, and must be such that the defendant could reasonably anticipate being haled into court there. *Id.* at 631. In addition, the assertion of jurisdiction must be consistent

with "fair play and substantial justice."  *Id.*

Solton has filed no affidavits or other evidence in support of his motion to dismiss.  Accordingly, the motion must be denied as long as the complaint alleges facts that would make out a *prima facie* case for jurisdiction.  Accepting the facts alleged in the complaint as true and drawing all reasonable inferences in favor of Plaintiff, Solton personally sent fraudulent and obscene communications to Plaintiff, who resided in Florida.  Florida's long-arm statute provides for personal jurisdiction over a non-resident defendant for causes of action arising from the defendant's "[c]ommitting a tortious act within this state."  § 48.193(1)(a)(2), *F.S.*  Numerous decisions hold that sending communications into Florida in violation of statutes such as the FDCPA constitutes the commission of a tortious act within the state.  *See, e.g.*, *Goodwyn v. Accredited Mgmt. Solutions, LLC*, No. 8:20-cv-244-T-02TGW, 2020 WL 9454965, at *3 (M.D. Fla. Aug. 6, 2020), *report and recommendation adopted*, 2020 WL 9454938 (M.D. Fla. Sept. 2, 2020) (holding that "the defendant's alleged voicemail messages to a Florida resident in violation of the FDCPA and FCCPA also establish the court's personal jurisdiction over the defendant").[2]  The complaint therefore sufficiently

---

[2] *See also Koch v. Lake City Credit, LLC*, 6:19-cv-667-Orl-41GJK, 2019 WL 3719457, at *2-3 (M.D. Fla. July 23, 2019), *report and recommendation adopted*, 2019 WL 3717898 (M.D. Fla. Aug. 7, 2019) (holding that the plaintiff sufficiently alleged the defendant committed a tortious act in Florida by personal involvement in attempts to collect a debt by telephone and mail); *Alston v. Summit Receivables*, No. 6:17-cv-1723-Orl-31DCI, 2018 WL 3448595, at *3 (M.D. Fla. June 27, 2018), *report and recommendation adopted*, 2018 WL 3436789 (M.D. Fla. July 17, 2018) (holding that defendant's telephone calls to plaintiff in Florida as part of a debt collection effort were sufficient to establish personal jurisdiction under the tortious act provision of the long-arm statute); *Thomas v. ARM WNY, LLC*, No. 3:14-cv-360-J-39MCR, 2014 WL 6871654, at *3-5 (M.D. Fla. Dec. 3, 2014) ("In this case, Plaintiff's cause of action arises from Defendant's phone calls seeking collection of an alleged debt.

alleges personal jurisdiction under the long-arm statute.

In addition, the assertion of personal jurisdiction here would comport with due process. By sending electronic communications to Florida, Solton purposely availed himself of the privilege of conducting business activities in this state and could reasonably expect to be haled into court here. The assertion of jurisdiction under these circumstances would not contravene "basic notions of fair play and substantial justice." *See id*. at \*4. Accordingly, the complaint demonstrates a *prima facie* case for personal jurisdiction and Solton's motion to dismiss for lack of personal jurisdiction is denied.

### *Venue*

Solton also moves to dismiss on the ground of improper venue. Venue is proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Where, as here, the plaintiff's claim arises from communications alleged to violate a statute, the district where the communications were received is one where "a substantial part of the events or omissions" occurred and therefore a proper venue. *See, e.g.*, *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992) (holding that "receipt of a collection notice is a substantial part of the events giving rise to a claim under the Fair Debt Collection Practices Act"); *Northrup v. Innovative Health Ins. Partners, LLC*, 8:17-cv-1890-T-36JSS, 2018 WL 1726436, at \*2 (M.D. Fla. Apr. 10, 2018) ("For TCPA [Telephone Consumer Protection Act] claims . . . venue will usually be proper in the district where

---

Accordingly, Florida's long-arm statute provides a basis for personal jurisdiction in this case.").

the unlawful communication was received."); *Lary v. Doctors Answer, LLC*, No. CV-12-S-3510-NE, 2013 WL 987879, at * 3-4 (N.D. Ala. Mar. 8, 2013) (holding that venue for a TCPA claim was proper in the district where the offending communication was received). Plaintiff received the offending communications in Florida.   Solton's motion to dismiss based on improper venue is therefore denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) "Defendant Christopher M. Solton's Amended Motion to Dismiss and Incorporated Memorandum of Law" (Doc. 38) is **DENIED**.

(2) Solton is directed to file an answer to Plaintiff's complaint on or before November 16, 2021.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of November, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**