**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TERRY TINDAL,

     Plaintiff,

v.                                                    Case No: 8:19-cv-2907-T-30JSS

DEFENSE TAX GROUP INC., RELIANCE
MEDICAL FINANCE, LLC and
CHRISTOPHER MARTIN SOLTON,

     Defendants.

_____

### DEFENDANT CHRISTOPHER M. SOLTON'S
### ANSWER AND AFFIRMATIVE DEFENSES

     COMES NOW, Defendant CHRISTOPHER M. SOLTON ("Defendant"), by
and through undersigned counsel and files his Answer and Affirmative Defenses
to Plaintiff's Complaint for Damages. In support, and hereby states as follows:

     1.     The allegations in Paragraph 1 constitute conclusions of law to which
no response is required.  To the extent that a response is necessary, Defendant
states, denied.

     2.     The allegations in Paragraph 2 constitute conclusions of law to which
no response is required.  To the extent that a response is necessary, Defendant
states, denied.

3.      The allegations in Paragraph 3 constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

4.      The allegations in Paragraph 4 constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

## JURISDICTION AND VENUE

5.      Denied.

6.      Denied.

7.      Denied.

8.      The allegations in Paragraph 8 constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

9.      Denied in its entirety.

10.     Defendant is without information to admit or deny.

11.     Defendant is without information to admit or deny.

## FACTUAL ALLEGATIONS

### A. The Beginning

12.     Admit.

13.     Defendant is without information to admit or deny.

14.    Defendant is without information to admit or deny.

15.    Defendant is without information to admit or deny.

16.    Defendant is without information to admit or deny.

17.    Defendant is without information to admit or deny.

18.    Defendant is without information to admit or deny.

## B.  Defendant's Fraudulent Small Claims Lawsuit

19.    Defendant admits that a lawsuit was filed against Terry Tindal in small claims court in Los Angeles California. As to the remainder, Defendant denies.

20.    Defendant admits the lawsuit's caption is listed as "RFC v. Terry Tindall. As to the remainder, Defendant is without information to admit or deny. To the extent that a response is required, Defendant states, denied.

21.    Defendant is without information to admit or deny.  To the extent that a response is required, Defendant states, denied.

22.    Defendant is without information to admit or deny.  To the extent that a response is required, Defendant states, denied.

23.    Defendant is without information to admit or deny.  To the extent that a response is required, Defendant states, denied.

24.     Admit to the extent that on the typed name under Plaintiff is "Chris Solton". As to the remainder, Defendant is without information to admit or deny. To the extent that a response is required, Defendant states, denied.

25.     Defendant is unaware of the date Plaintiff was served the lawsuit described in paragraphs 19-24, and is unaware of any texts being sent to Terry Tindal, nor whether a text was sent threatening garnishment by an individual named Jeff Bingham.

### C. Defendants' True Identities

26.     Admit to the extent that third-party debt collectors used the Reliance Financial umbrella, letterhead, and email addresses to contact debtors. As to the remainder, Defendant is unable to admit or deny.  To the extent that a response is necessary Defendant states, denied.

27.     Admit to the extent that at Reliance Finance Company, LLC is an inactive company, that the company is not conducting business in California and Florida, and that Defendant Christopher Solton was the registered agent of the Reliance Finance Company.

28.     Admit to the extent that Plaintiff agreed to pay RMF $50 every two weeks as payment for the alleged debt, that Defense Tax Group, Inc is an active California company, and that Defendant Christopher Solton is the registered agent.

4

As to the remainder, Defendant is without information to admit or deny.  As to the last two sentences of Paragraph 28, Defendant states, denied.

### D. Piercing the Corporate Veil

29.     As to the first and second sentences of Paragraph 29, allegations in Paragraph 8 constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant states, denied. As to the remainder, Defendant states, denied.

30.     Denied.

31.     Denied.

32.     Denied,

33.     Denied.

### E.  Miscellaneous

34.     Denied has Defendant Christopher Solton never made any communications to Plaintiff by email, telephone, or letter.

### FIRST CLAIM FOR RELIEF

Violations of the FDCPA, 15 U.S.C. § 1692, et seq.

as it relates to Defendant RMF

35.     Paragraph 35 is a statement of repeating, re-alleging and incorporating the previous paragraphs by reference and therefore no response is necessary.  To the extent that a response is required, Defendant states, denied.

36.     Denied as Defendant Solton never made contact with Plaintiff by email, telephone, or by letter, and specifically not for any form of debt collection.

37.     Denied as Defendant Solton never made contact with Plaintiff by email, telephone, or by letter, and specifically not for any form of debt collection.

38.     Denied as Defendant Solton never made contact with Plaintiff by email, telephone, or by letter, and specifically not for any form of debt collection.

39.     Denied as Defendant Solton never made contact with Plaintiff by email, telephone, or by letter, and specifically not for any form of debt collection.

40.     Denied as Defendant Solton never made contact with Plaintiff by email, telephone, or by letter, and specifically not for any form of debt collection.

41.     Denied as Defendant Solton never made contact with Plaintiff by email, telephone, or by letter, and specifically not for any form of debt collection.

42.     Denied as Defendant Solton never made contact with Plaintiff by email, telephone, or by letter, and specifically not for any form of debt collection.

43.     Denied as Defendant Solton never made contact with Plaintiff by email, telephone, or by letter, and specifically not for any form of debt collection.

44.     Denied as Defendant Solton never made contact with Plaintiff by email, telephone, or by letter, and specifically not for any form of debt collection.

45.     Denied.

46.     The allegations in Paragraph 46 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

47.     The allegations in Paragraph 47 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

48.     The allegations in Paragraph 48 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

49.     The allegations in Paragraph 49 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

## SECOND CLAIM FOR RELIEF

### Violations of the FDCPA, 15 U.S.C. § 1692, et seq.

### as it relates to Defendant DTG

50.     Paragraph 50 is a statement of repeating, re-alleging and incorporating the previous paragraphs by reference and therefore no response is necessary.  To the extent that a response is required, Defendant states, denied.

51.     Denied.

52.     The allegations in Paragraph 52 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

53.     The allegations in Paragraph 53 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

54.     The allegations in Paragraph 54 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

55.     The allegations in Paragraph 55 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

## THIRD CLAIM FOR RELIEF

**Violations of the FDCPA, 15 U.S.C. § 1692, et seq.**

**as it relates to Defendant CMS**

56.     Paragraph 56 is a statement of repeating, re-alleging and incorporating the previous paragraphs by reference and therefore no response is necessary.  To the extent that a response is required, Defendant states, denied.

57.     Denied.

58.     The allegations in Paragraph 58 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

59.     The allegations in Paragraph 59 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

60.     The allegations in Paragraph 60 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

61.     The allegations in Paragraph 61 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

## FOURTH CLAIM FOR RELIEF

### Violations of the FCCPA, Fla. Stat. § 559.55 et seq.

### as it relates to Defendant RMF

62.     Paragraph 62 is a statement of repeating, re-alleging and incorporating the previous paragraphs by reference and therefore no response is necessary.  To the extent that a response is required, Defendant states, denied.

63.     Denied as Defendant Solton never made contact with Plaintiff by email, telephone, or by letter, and specifically not for any form of debt collection.

9

64.     Denied as Defendant Solton never made contact with Plaintiff by email, telephone, or by letter, and specifically not for any form of debt collection.

65.     Denied as Defendant Solton never made contact with Plaintiff by email, telephone, or by letter, and specifically not for any form of debt collection.

66.     Denied as Defendant Solton never made contact with Plaintiff by email, telephone, or by letter, and specifically not for any form of debt collection.

67.     The allegations in Paragraph 67 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

68.     The allegations in Paragraph 68 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

69.     The allegations in Paragraph 69 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

70.     The allegations in Paragraph 70 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

71.     The allegations in Paragraph 71 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

72.     The allegations in Paragraph 72 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

## FIFTH CLAIM FOR RELIEF

### Violations of the FCCPA, Fla. Stat.  § 559.55 et seq.

### as it relates to Defendant DTG

73.     Paragraph 73 is a statement of repeating, re-alleging and incorporating the previous paragraphs by reference and therefore no response is necessary.  To the extent that a response is required, Defendant states, denied.

74.     Denied.

75.     The allegations in Paragraph 75 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

76.     The allegations in Paragraph 76 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

77.     The allegations in Paragraph 77 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

78.     The allegations in Paragraph 55 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

79.     The allegations in Paragraph 79 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

80.     The allegations in Paragraph 80 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

<u>**SIXTH CLAIM FOR RELIEF**</u>

**Violations of the FCCPA, Fla. Stat.  § 559.55 et seq.**

**as it relates to Defendant CMS**

81.     Paragraph 81 is a statement of repeating, re-alleging and incorporating the previous paragraphs by reference and therefore no response is necessary.  To the extent that a response is required, Defendant states, denied.

82.     Denied.

83.     The allegations in Paragraph 83 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

84.     The allegations in Paragraph 84 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

85.     The allegations in Paragraph 85 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

86.     The allegations in Paragraph 86 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

87.     The allegations in Paragraph 87 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

88.     The allegations in Paragraph 88 constitute conclusions of law or recites statutory provisions to which no response is required.  To the extent that a response is necessary, Defendant states, denied.

The remainder of Plaintiff's Complaint consists of prayer of relief, to which no response is required. To the extent a response is deemed required, Defendant

denies Plaintiff is entitled to the requested relief or to any relief whatsoever. Defendant denies all allegations set forth in Plaintiff's Complaint not otherwise admitted or qualified above.

## AFFIRMATIVE DEFENSES

In further answering, Defendant Christopher Solton states as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

As to Defendant Christopher Solton, Plaintiff has failed to state a cause of action for Violations of the FDCPA, 15 U.S.C. § 1692, et seq. First, Plaintiff must demonstrate that Defendant Solton, individually, is or was debt collector and that Christopher Solton, individually, acquired a debt which was not in default at the tie it was obtained or assigned to him. specifically, in order to prevail on an FDCPA claim, a plaintiff must plead and prove three elements: first, the plaintiff must have been the object of a collection activity arising from consumer debt; second, the defendant must be a debt collector as defined by the FDCPA; and third, the defendant must have engaged in an act or omission prohibited by the FDCPA. *Erickson v. General Elec. Co.*, 854 F.Supp.2d 1178, 1182 (M.S. Fla. 2012); *Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d 1361, 1366 (M.D. Fla. 2002). In this case, Christopher Solton was an employee and had no communications with the Plaintiff by telephone, email, letter or otherwise. Plaintiff must demonstrate the

Defendant Solton meets the elements of being a debt collector and that Defendant, in his individual capacity make some affirmative act to violate a provision of the FDCPA.  In the "four-corners" of the Complaint, Plaintiff never made an allegation of fact or presented any affirmative act of communication between Plaintiff and Christopher Solton by way of a telephone call, text, email, or letter.   More specifically, on Paragraph 25 of the Complaint, Plaintiff specifically states that he received a text message from Jeff Bingham. In the Complaint, it is alleged that "Plaintiff does not know who 'Jeff Bingham' is and had never interacted with a 'Jeff Bingham' prior to the text, however, given the context, it is clear that it came from Defendant RMF."  Based on Plaintiff's own admission, there is an allegation that a communication was made by RMF or a Jeff Bingham on behalf of RMF, and in no way does Plaintiff claim that a text or other communication came from Defendant Christopher Solton or an agent on behalf of Christopher Solton.

## SECOND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

As to Defendant Christopher Solton, Plaintiff has failed to state a claim for Violations of the FDCPA, 15 U.S.C. § 1692, et seq.  Plaintiff failed specifically allege the representations or communications by Christopher Solton that constitute a violation of FDCPA, 15 U.S.C. § 1692, et seq.  The complaint fails to state facts sufficient to constitute a cause of action as against Defendant Solton.

## THIRD AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

As to Defendant Christopher Solton, Plaintiff has failed to state a cause of action for Violations of the FCCPA, Fla. Stat. § 559.55 et seq. In Florida, consumer debt collection practices are regulated by both the FCCPA and the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p (FDCPA). Both acts generally apply to the same types of conduct, and Florida courts must give "great weight" to federal interpretations of the FDCPA when interpreting and applying the FCCPA. § 559.77(5). However, the FDCPA and the FCCPA are not identical, and a violation of one act does not automatically constitute a violation of the other. *See Beeders v. Gulf Coast Collection Bureau, Inc.*, No. 8:09–cv–00458–EAK–AEP, 2010 WL 2696404, at *6 (M.D. Fla. 2010) (holding that "[t]here are intentional differences between the FDCPA and FCCPA, and a violation of the federal statute does not automatically constitute a violation of the state statute in situations where the FCCPA is distinguishable"), aff'd, 432 Fed.Appx. 918 (11th Cir.2011). Because the provisions of the two acts are not fungible, a consumer seeking to recover damages under either the FDCPA or the FCCPA **must allege and prove a violation of the provisions of the act actually sued upon**. *Id.* (emphasis added). The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt." *Deutsche Bank Nat. Tr. Co. v. Foxx*, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013)

16

(citing Fla. Stat. § 559.55(1)). "The second prong differs from the FDCPA in that the FCCPA prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.' " *Id.* (citing *Bacelli v. MFP, Inc.*, et al., 729 F. Supp. 2d 1328 (M.D. Fla. 2010)). "The third prong requires an act or omission prohibited by the FCCPA." *Foxx*, 971 F. Supp. 2d at 1114. In the "four-corners" of the Complaint, Plaintiff never made an allegation of fact or presented any violation of a section of the FCCPA, § 559.72 et seq. by Christopher Solton by way of a telephone call, text, email, or letter. Furthermore, the Complaint fails to allege or state a violation or section of Fla. Stat. § 559.55 et seq. that is being sued upon. Additionally, to plead a FCCPA claim, a party must allege "knowledge or intent by the debt collectors in order to state a cause of action." *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1363 (S.D.Fla.2000). Simply pleading that Defendant had knowledge is not enough. Under Florida law, "the use of the word 'knows' requires actual knowledge of the impropriety or overreach of a claim." *In re Cooper*, 253 B.R. 286, 290 (N.D.Fla.2000). A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Under the facts alleged in the Complaint, the Plaintiff has not alleged actual knowledge of any impropriety or overreaching that is not legitimate on the part of Christopher Solton. "The FCCPA requires an allegation of knowledge or intent by

the debt collector in order to state a cause of action." *In re Cooper*, 253 B.R. at 290;

(*citing Kaplan*, 88 F.Supp.2d at 1363).

Additionally, on Paragraph 25 of the Complaint, Plaintiff specifically states

that he received a text message from Jeff Bingham. In the Complaint, it is alleged

that "Plaintiff does not know who 'Jeff Bingham' is and had never interacted with

a 'Jeff Bingham' prior to the text, however, given the context, it is clear that it came

from Defendant RMF." Based on Plaintiff's own admission, there is an allegation

that a communication was made by RMF or a Jeff Bingham on behalf of RMF, and

in no way does Plaintiff claim that a text or other communication came from

Defendant Christopher Solton or an agent on behalf of Christopher Solton.

Plaintiff's FCCPA claim is insufficiently pleaded because he has not alleged facts

to plausibly state that Christopher Solton engaged in any acts or omissions

prohibited by the FCCPA sufficient to satisfy the third prong. *See Locke v. Wells

Fargo Home Mortg.*, No. 10-60286-Civ, 2010 WL 4941456, at *2 (S.D. Fla. Nov. 30,

2010) ("The Plaintiff's claim merely tracks the language of section 559.72(7) and

such conclusory allegations will not prevent dismissal.")

## FOURTH AFFIRMATIVE DEFENSE
(Failure to State a Claim)

As to Defendant Christopher Solton, Plaintiff has failed to state a claim for

Violations of the FCCPA, Fla. Stat. § 559.55 et seq. Plaintiff failed specifically allege

any acts by Christopher Solton that constitute a violation of FCCPA, Fla. Stat. §

559.55 et seq.  Furthermore, the Complaint fails to allege or state a violation or section of Fla. Stat.  § 559.55 et seq. that is being sued upon.  The complaint, as to Defendant Christopher Solton fails to state facts sufficient to constitute a cause of action as against Defendant Solton for any violation of Fla. Stat.  § 559.55 et seq.

**FIFTH AFFIRMATIVE DEFENSE**
(Causation)

Plaintiff fails to show that any alleged act or omission was caused by Defendant Christopher Solton or that Christopher Solton caused the injuries or damages claimed by Plaintiff. On Paragraph 25 of the Complaint, Plaintiff specifically states that he received a text message from Jeff Bingham. In the Complaint, it is alleged that "Plaintiff does not know who 'Jeff Bingham' is and had never interacted with a 'Jeff Bingham' prior to the text, however, given the context, it is clear that it came from Defendant RMF."  Based on Plaintiff's own admission, there is an allegation that a communication was made by RMF or a Jeff Bingham on behalf of RMF, and in no way does Plaintiff claim that a text or other communication came from Defendant Christopher Solton or an agent on behalf of Christopher Solton.

## SIXTH AFFIRMATIVE DEFENSE
(Fault of Others)

If Plaintiff suffered or sustained any loss, injury, or damage, or detriment, the same was directly or proximately caused and contributed to the by the actions, omissions, and conduct of third parties.

## SEVENTH AFFIRMATIVE DEFENSE
(Additional Affirmative Defenses)

Defendant Christopher Solton has insufficient knowledge or information on which to form a belief as to whether he may have additional, yet unstated, affirmative defenses available.  Defendant Christopher Solton, therefore, reserves the right to assert additional affirmative defenses and to amend his Answer accordingly in the event discovery indicates that amending the Answer may be appropriate.

**WHEREFORE**, Defendant Christopher M. Solton respectfully requests that all counts of Plaintiff's complaint be dismissed with prejudice, that the Court award Defendant Solton his costs and attorney's fees associated with this action, and for such further relief as the Court may deem just.

Dated: November 16, 2021          Respectfully Submitted,

Lambert Law Offices, PL
617 West Lumsden Road
Brandon, Florida 33511
Telephone: 813-662-7429
Facsimile: 813-685-6575

/s/__Eric W. Smith_____
Judith S. Lambert, Esquire
Florida Bar No. 0578932
Eric W. Smith, Esquire
Florida Bar No. 093050
judy@judithslambert.com
ericw@judithslambert.com
Attorneys for Defendant Solton

### CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of the electronic filing to the following CM/ECF participants.

Nicholas Michael Murado
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, FL 33025
Email: muradolaw@gmail.com

*Counsel for Plaintiff*
*United States of America*

/s/ Eric W. Smith
Attorney for Defendant Solton