UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY TINDAL,

    Plaintiff,

v.                                        Case No: 8:19-cv-2907-JSS

DEFENSE TAX GROUP INC.,
RELIANCE MEDICAL FINANCE,
LLC and CHRISTOPHER MARTIN
SOLTON,

    Defendants.
_____/

**ORDER**

THIS MATTER is before the court on Plaintiff's Motion to Compel Proper Production Re: Defendant Christopher Martin Solton's Response to Plaintiff's First Requests for Production and to Extend the Discovery Deadline ("Motion") (Dkt. 59) and Defendant Solton's Response in Opposition (Dkt. 60). On April 14, 2022, the court held a hearing on the Motion. Upon consideration and for the reasons stated at the hearing and set forth below, it is **ORDERED**:

1. Plaintiff's Motion (Dkt. 59) is **GRANTED in part** and **DENIED in part** as set forth herein.

2. With respect to Plaintiff's request to strike Defendant Solton's "preliminary statements" and "general objections" included in his response to Plaintiff's Requests for Production, for the reasons stated at the hearing, the Motion is

granted and the objections are overruled. *See Miner, Ltd. V. Keck et al.*, No. 6:19-cv-722-Orl-41TBS, 2019 WL 2869063, at *1–2 (M.D. Fla. July 3, 2019) (finding party's "General Objections" to be "boilerplate objections" and overruling them on the basis that "[t]he grounds for objecting to an interrogatory must be stated with specificity") (quoting Fed. R. Civ. P. 33(b)(4)).

3. With respect to Requests for Production Nos. 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 16, 17, and 19, the Motion is granted. The court finds that the documents are relevant and proportional to the needs of the case. *See McArdle v. City of Ocala, FL*, 451 F. Supp. 3d 1304, 1308 (M.D. Fla. 2020) ("Relevancy and proportionality are the guiding principles: 'Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'") (quoting Fed. R. Civ. P. 26(b)(1)); *Gonzalez v. GEICO Gen. Ins. Co.*, No. 8:15-cv-240-T-30TBM, 2016 WL 7734076, at * 2 (M.D. Fla. Apr. 15, 2016) ("Although the federal rules generally allow for liberal discovery in civil matters, such is not unbounded. The Court must consider proportionality to the needs of the case."). Specifically, the court finds that the documents are relevant to Plaintiff's attempt to collect his judgment from defaulted Defendants Defense Tax Group Inc. and Reliance Medical Finance, LLC. *See Drone Nerds Franchising, LLC v. Childress*, No. 19-cv-61153, 2021 WL 7543800, at

*3 (S.D. Fla. Nov. 15, 2021) (granting motion to compel financial records as the records were relevant to plaintiff's pursuit of his judgment against defaulted defendant) (citing Fed. R. Civ. P. 69).  Accordingly, Defendant Solton is directed to supplement his response to Plaintiff's Requests for these items on or before May 4, 2022.  In his supplement, Defendant Solton shall produce responsive documents in his possession, custody, or control or indicate that the documents do not exist.

4. With respect to Requests for Production Nos. 1, 4, 13, 14, 15, and 18, the Motion is granted.  The court finds that the documents are relevant and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Specifically, the court finds that the documents are relevant to Plaintiff's allegations in the Complaint pertaining to piercing the corporate veil.  (Dkt. 1 ¶¶ 29–33, 56–61, 81–88.)  *See Mfrs. Alliance Ins. Co. v. Brencorp, Inc.*, No. 4:15-cv-0140-HLM, 2016 WL 11745984, at *7 (N.D. Ga. Aug. 3, 2016) (granting motion to compel discovery of bank statements, financial records, and checks relating to the formation, existence, and use of checking or banking accounts to transact business after finding that such documents were relevant to the plaintiff's alter ego claim); *Guarantee Ins. Co. v. Brand Mgmt. Serv. Inc.*, No. 12–61670–civ, 2013 WL 11971273, at *2 (S.D. Fla. Dec. 23, 2013) (finding that the plaintiffs "have a compelling need for the tax returns with respect to [their] alter ego claim"); *NetJets Aviation, Inc. v. Peter Sleiman Dev. Grp., LLC*,

No. 3:10-cv-483-J-32MCR, 2011 WL 6780879, at *6 (M.D. Fla. Dec. 27, 2011) (rejecting compelled parties argument that financial information should not be produced because of privacy interests and compelling the disclosure of such information as it was relevant to the plaintiff's alter ego claim). Accordingly, Defendant Solton is directed to supplement his response to Plaintiff's Requests for these items on or before May 4, 2022. In his supplement, Defendant Solton shall produce responsive documents in his possession, custody, or control or indicate that such documents do not exist.

5. The court further notes the various privacy interests inherent to the documents that may be disclosed. As such, the court finds that at this time, all documents produced in response to Requests Nos. 1, 4, 13, 14, 15, and 18 shall not be used outside of this litigation. *See* Fed. R. Civ. P 26(c) (noting that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). The parties may move to modify this condition by proper motion.

6. With respect to Plaintiff's request to extend the deadlines in this matter, as stated at the hearing, the remaining case deadlines are extended as follows:

        **Discovery Deadline – August 12, 2022**

        **Dispositive Motion Deadline – September 16, 2022**

**Trial Term – January Trial Term**

7. The parties are directed to further confer and file a joint notice with the court listing preferred trial dates for the January Trial Term.

8. Plaintiff's request for sanctions and attorney's fees is denied.

**DONE** and **ORDERED** in Tampa, Florida, on April 25, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record