UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY TINDAL,

    Plaintiff,

v.                                                                                                Case No: 8:19-cv-2907-JSS

DEFENSE TAX GROUP INC.,
RELIANCE MEDICAL FINANCE,
LLC and CHRISTOPHER MARTIN
SOLTON,

    Defendants.
_____/

## ORDER

Defendant Christopher Martin Solton moves to dismiss Plaintiff's Complaint (Dkt. 1) with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (Motion, Dkt. 86.) Plaintiff opposes the Motion. (Dkt. 87.) For the reasons explained below, Defendant's Motion (Dkt. 86) is **DENIED**.

## BACKGROUND

On December 2, 2019, Plaintiff filed her six-count Complaint alleging claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, and the Florida Consumer Collection Practices Act, Florida Statutes sections 559.55, *et seq*. (Dkt. 1.) On May 20, 2021, Defendant filed a Motion to Dismiss. (Dkt. 36.) Eight days later, Defendant filed an Amended Motion to Dismiss, moving to dismiss the Complaint for lack of personal jurisdiction and improper venue under Federal Rule of Civil

Procedure 12(b). (Dkt. 38.) The court denied Defendant's Motion to Dismiss as moot (Dkt. 41) and, thereafter, denied the Amended Motion to Dismiss, ordering Defendant to answer the Complaint (Dkt. 45). Defendant filed his Answer and Affirmative Defenses on November 16, 2021. (Dkt. 46.) Over eight months later, on July 22, 2022, Defendant filed the instant Motion again seeking to dismiss Plaintiff's Complaint under Rule 12(b). (Dkt. 86.)

## APPLICABLE STANDARDS

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a motion attacking the legal sufficiency of a complaint. Pursuant to Rule 12(b), motions asserting any of the defenses listed in Rule 12(b)(1) through (7) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Once an answer to a complaint is filed, any Rule 12(b) motion to dismiss is rendered a nullity. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002) ("After answering the complaint, the defendant filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims. Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief.").

## ANALYSIS

Defendant seeks to dismiss Plaintiff's Complaint under Rule 12(b)(6). (Dkt. 86.) However, Defendant's Motion is untimely under Rule 12(b) as Defendant previously answered the Complaint. (Dkt. 46.) Defendant does not address the untimeliness of his Motion but asserts that the "Motion is submitted in good faith and

not with the intention of being dilatory in any manner." (Dkt. 86 at 2.) Defendant states that its counsel was recently retained and had no prior knowledge of this action. (*Id.*)

Despite Defendant's arguments, the Motion is untimely. Defendant filed the instant Motion more than eight months after answering the Complaint. (Dkt. 86.) Because Defendant has filed an Answer, a motion under 12(b) is inappropriate under the plain language of the Rule. *See* Fed. R. Civ. P. 12(b). Thus, Defendant's Motion must be denied. *See, e.g., Gallaher v. Deutsche Bank Nat'l Tr. Co.*, No. 6:18-cv-34-ORL-37TBS, 2018 WL 3758312, at *1 (M.D. Fla. Apr. 19, 2018) (finding a Rule 12(b) motion inappropriate where defendant filed its motion three days after filing its answer); *Mueller v. Safeco Ins. Co. of Illinois*, No. 8:15-cv-558-T-33AEP, 2015 WL 12820538, at *2 (M.D. Fla. Dec. 1, 2015) (denying Rule 12(b) motion to dismiss as defendant previously filed an answer); *Williams v. Educ. Credit Mgmt. Corp.*, 88 F. Supp. 3d 1338, 1342–43 (M.D. Fla. Feb. 26, 2015) (denying defendant's Rule 12(b) motion to dismiss as a nullity because defendant filed an answer before filing the motion).

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss or Otherwise Limit Plaintiff's Complaint of Defendant Christopher Martin Solton (Dkt.

86) is **DENIED**.

      **ORDERED** in Tampa, Florida, on September 23, 2022.

                                             JULIE S. SNEED
                                 UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record